**\*E-FILED 06-17-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANNY OROPEZA,<br><br>    Plaintiff,<br>  v.<br><br>THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant.<br>_____/ | No. C07-06070 HRL<br><br>**ORDER ON CLAIM FOR FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>[Re: Docket No. 22] |

Plaintiff Danny Oropeza appealed a final decision by the Commissioner of the Social Security Administration ("Commissioner") finding that Oropeza was not disabled within the meaning of the Social Security Act. The court granted in part and denied in part the parties' cross-motions for summary judgment and remanded the matter for further proceedings. Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). He further requests that the fees be made payable to his attorney. The Commissioner agrees that plaintiff is entitled to EAJA fees and does not object to the amount requested.[1] However, the Commissioner contends that, absent a valid assignment, EAJA fees are payable to plaintiff, not his attorney.

---

[1] At the very end of its opposition brief, the Commissioner requests that this court "reduce the fees request because it is excessive." (See Opp. at 3:11). The court assumes that this request was included in the Commissioner's brief in error. As noted above, the opposition papers clearly state that the Commissioner does not object to the amount claimed. Nor does the Commissioner offer any argument on the issue of excessiveness.

1   The parties have had an opportunity to brief the issue. Plaintiff did not file a reply.
2   The court deems the matter submitted on the papers without oral argument. For the
3   reasons stated below, the requested fees shall be made payable directly to plaintiff.
4   The EAJA authorizes an award of attorney's fees to a "prevailing party" in
5   litigation against the United States:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Several courts, including those within this circuit, have concluded that "both the plain language and construction by other courts of the EAJA support defendant's contention that the term 'prevailing party' excludes the parties' counsel." McCarty v. Astrue, 505 F. Supp.2d 624, 629 (N.D. Cal. 2007); Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008) ("The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). More recently, the U.S. Supreme Court has held that EAJA awards belong to the prevailing litigant, not the litigant's attorney. Astrue v. Ratliff, --- S. Ct. ----, No. 08-1322, 2010 WL 2346547 (U.S., June 14, 2010).

In this case, there is no indication that there has been a valid assignment or that the fee award properly may be paid to plaintiff's counsel. Accordingly, the Commissioner shall pay the $3,940.42 attorney's fees award to plaintiff Danny Oropeza, and not to his attorney.

SO ORDERED.

Dated: June 17, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:07-cv-06070-HRL Notice has been electronically mailed to:

2   James Hunt Miller     jim_miller0@yahoo.com

3   Mark Win     mark.win@ssa.gov

4   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.